[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY ATTORNEY MICHAEL BRADLEY
The court grants the Motion to Disqualify Attorney Michael Bradley from the trial of the case of Klick v. Klick.
The court finds by clear and convincing evidence that on October 8, 2002, Bradley threatened to beat, kill and cut the balls of defense counsel Joseph Gersten. He also attempted to assault Gersten with his motor vehicle. As a result of this, Gersten has testified that such behavior has and will continue to have a chilling effect on his ability to represent his client. It has compromised the fairness of the proceedings. Bradley contends that the testimony of Gersten as to the events of October 8, 2002 are false. On the contrary, the court finds the testimony of Gersten to be credible as to the events of that day.
Bradley argues that even if the court finds that Gersten's testimony is true, the court must weigh the plaintiff Cheryl Klick's right to have counsel of her choice against the problems caused Gersten. As stated in Bradley's brief, filed by Attorney Conrad O. Seifert, Bradley represents that "only when the attorney's unprofessional conduct may affect the outcome of the case is there any necessity to nip it in the bud. Board ofEducation of the City of New York v. Nyquist, 590 F.2d 1241, 1248 (2nd Cir. 1979)."
In this case, the court finds that Bradley's unprofessional conduct will affect the outcome of the case. Accordingly, it is necessary to "nip it in the bud" so that the case may proceed without further problems.
Bradley also argues that Gersten could be removed from the case thereby resolving that problem. He claims that Gersten is a member of a large firm and there are other counsel who could handle the case. Gersten claims that he had been designated trial counsel and is the only attorney in the firm sufficiently familiar with the file to try the case at this time. The case has been scheduled for a jury trial several times. The CT Page 15670 court finds that Gersten would have difficulty doing his job in a competent manner because of his fear of Bradley whose words and actions amounted to criminal conduct against him. The threat to assault Gersten and the attempt to hit him with his automobile are certainly sufficient to cause Gersten to be afraid.
Bradley further contends that Gersten should not be believed because of the threatened assaults with his fists and the actual attempted assault with his car, constituted criminal conduct, but Gersten did not call the police. In fact, Gersten did tell Judge Martin what happened and filed a grievance against Bradley. The court does not find failure to call the police to be any reason to disbelieve the sworn testimony of Gersten.
Accordingly, the Motion to Disqualify Bradley from further participation in this case is granted.
D. Michael Hurley, JTR CT Page 15671